NO. 07-12-0006-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 SEPTEMBER 24, 2012
 _____________________________

 GARY FITZGERALD AND GAIL CHRISTIE,

 Appellants
 v.

 BIGHAM AUTOMOTIVE & ELECTRIC CO.,

 Appellee
 _____________________________

 FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

 NO. 2010-565,526; HONORABLE JUDY PARKER, PRESIDING
 _____________________________

 Memorandum Opinion
 _____________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 We have before us an appeal by Gary Fitzgerald and his wife, Gail
Christie, (collectively referred to as the Fitzgeralds) from a final
judgment denying them recovery against Bigham Automotive & Electric Co.
(Bigham). They sued Bigham for breach of contract. Bigham had purportedly
agreed to provide Gail's son (Gary Christie, who was a Bigham employee)
twenty hours of training per week in the area of automatic transmission
repair in return for the Fitzgeralds paying Bigham $200 per week. Because
Bigham did not do so before firing Gary, the Fitzgeralds sued. The dispute
was tried by the bench, and the judge concluded that "[n]o oral or written
contract existed between" the parties. The Fitzgeralds now argue that the
"finding goes against not just the great weight of the evidence, but the
entirety of the evidence in the trial record." We affirm.
 Though no one mentions the applicable standard of review, we
nevertheless interpret the Fitzgeralds' complaints as attacking the
sufficiency of the evidence underlying the trial court's conclusion. They
seem to be arguing that 1) no evidence supports it or that it is against
the great weight and preponderance of the evidence, and 2) they proved the
existence of the aforementioned contract as a matter of law. Given this,
the standard of review is that described by this court in Krabbe v.
Anadarko Petroleum Corp., 46 S.w.3d 308, 314-15 (Tex. App.-Amarillo 2011,
pet. denied). Simply put, if there is some evidence supporting the trial
court's finding, then the Fitzgeralds did not prove their claim as a matter
of law. Id. at 315. So, it would be incumbent upon them to explain why
no evidence of record allowed the trial court to rule as it did before we
could award them any recovery.
 Nor would the Fitzgeralds be entitled to a new trial unless they can
successfully explain why all the other evidence purportedly contradicting
the court's finding is so weighty as to render that finding manifestly
unjust. Fulgham v. Fischer, 349 S.W.3d 153, 157 (Tex. App.-Dallas 2011, no
pet.). And, in assessing these matters, we must remember that the
factfinder is free to believe whomever it chooses. Id. It makes the
requisite credibility choices, we do not. Id. Nor are we free to simply
re-weigh the evidence as if we were the trier of fact. Rather, our
obligation is quite deferential. So long as the factfinder could have
reasonably arrived at the conclusion it did (even though we may have
reached a different result had we been in its place), our hands are bound.
 With that said, we turn to the record before us.
 One can easily characterize the tenor of the dispute as "he said/she
said." While Gary Fitzgerald testified that Bigham had agreed to provide
the twenty hours of training in exchange for the payment, Bigham's
representative (that being Rick Bigham, the individual with whom Fitzgerald
communicated), testified otherwise. The latter informed the trial court
that the Fitzgeralds agreed to make the $200 weekly payment to supplement
or subsidize the salary being paid to Gail's son. That is, he was
guaranteed $400 a week when hired as a mechanic by Bigham but was not doing
enough work to justify that sum. So, according to Rick Bigham, the
Fitzgeralds agreed to pay $200 of that $400 sum to facilitate the son's
retention as an employee. However, no one agreed that the son would
receive twenty hours a week of training in automatic transmission repair as
part of the transaction, according to Bigham. This testimony, if believed,
constituted some evidence of there being no contract of the ilk suggested
by the Fitzgeralds. And, more importantly, the trial court was free to
believe it.
 The Fitzgeralds attempted to strip Bigham's testimony of any value by
calling it "self-serving" in their appellate brief. One could say that any
testimony imparted by an interested witness favoring that witness is "self-
serving." Yet, the Fitzgeralds fail to tell us why "self-serving"
testimony should be assigned no evidentiary value. Nor did they cite any
authority supporting their suggestion. More importantly, if we were to
accept the notion that "self-serving" testimony is not evidence, then we
would have to ignore Gary Fitzgerald's own testimony too since it tends to
foster his own position and, thus, is "self-serving." But, that is not the
rule. The factfinder gets to choose who and what evidence to believe
whether "self-serving" or not, and we defer to that decision. Moreover,
deferring in this situation is quite reasonable given evidence coming from
Gary Fitzgerald himself. For instance, several of his own e-mails
described the payment as a subsidy, though others alluded to training as
well. And, to the extent that e-mails broached the topic of "training,"
few tied the "training" to transmission repair specifically. And, of the
few that may have linked training to transmission repair, none said
anything about twenty hours of training a week. Instead, one merely
proffered a "conceptual learning plan" wherein the son "gets, say, 2 hours
of transmission work per day . . . [o]r, say, 10 hours per week as a
goal." Fitzgerald merely proposing that the son "get, say" ten hours of
training per week as a goal tends to contradict the proposition that he
sought from and Bigham agreed to twenty hours of weekly training.
 We further note Fitzgerald's testimony that he "realized that Mr.
Bigham might not have 20 hours every week" and that he "expected at least
ten hours minimum" in transmission repair training be given to Gail's son.
Why Fitzgerald would find ten hours per week of training acceptable if he
actually contracted and paid for twenty hours per week was something the
trial court could have pondered on when deciding if the parties ever had
the meeting of the minds needed to form a contract. So too could the
factfinder have assigned weight to the son's testimony about not knowing of
any agreement to receive twenty hours of transmission repair training per
week.
 In short, the trial court was asked to consider conflicting evidence
regarding a purported agreement to provide Gary Christie with twenty hours
of transmission repair training per week. It concluded that no such
agreement existed. Having found evidence of record to support that
decision and that the decision is not manifestly unjust when tested against
the entirety of the record, we overrule the Fitzgeralds' complaints.
 The judgment is affirmed.

 Brian Quinn
 Chief Justice